UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANGEL CULLQUE,                                                      Civil Action No.

                                    Plaintiff,

        -against-

104 FRONT ST. BAGELS, LLC d/b/a
LA BAGEL DELIGHT,

                                    Defendant.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, ANGEL CULLQUE, as and for his Complaint against the Defendant, 104

FRONT ST. BAGELS, LLC d/b/a LA BAGEL DELIGHT ("Defendant"), respectfully

alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter

the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the

New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor

Articles") to recover unpaid overtime compensation and for other relief.

2.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of

the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over plaintiff's state law claims

pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims

that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff, ANGEL CULLQUE ("Plaintiff"), has been employed by Defendants as a cook/ kitchen helper from on or about November 2010 to the present.

6.      Upon information and belief, Defendant, 104 FRONT ST. BAGELS, LLC d/b/a LA BAGEL DELIGHT, is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

7.      Upon information and belief, Defendant operates a La Bagel Delight bagel shop located at 104 Front St., Brooklyn, New York.

## FACTS

8.      At all times relevant to this action, Plaintiff has been employed as a cook/ kitchen helper for the benefit of and at the direction of defendant.

9.      Plaintiff's responsibilities have included preparing food, salads, cream cheese, washing dishes and making deliveries.

10.     During his employment, plaintiff has generally worked six days a week.

11.     From approximately November 2010 through October 2015, plaintiff's work schedule was as follows: Monday, Tuesday, Wednesday and Friday from 7:00 a.m. until 6:00 p.m., Saturdays from 7:00 a.m. until 5:00 p.m. and Sundays from 7:00 a.m. until 4:00 p.m.

12.     During this time, plaintiff worked 60 hours each week.

13.     During this time, plaintiff was given a half hour meal break each day.

14.     During this time, plaintiff was paid in cash.

15.     During this time, plaintiff was paid a weekly salary.

16.     During this time, Plaintiff was not paid the statutory minimum wage.

17. During this time, defendant did not pay Plaintiff overtime compensation.

18. During this time, defendant did not pay the Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

19. During this time, plaintiff works shifts in excess of 10 hours.

20. During this time, defendant did not pay plaintiff spread of hours compensation.

21. During the course of the Plaintiff's employment, the Defendant has failed to maintain accurate time records for the hours that the plaintiff worked.

22. Defendant has managed Plaintiff's employment, including the amount of overtime worked.

23. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

24. Defendant was aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

25. Defendant's failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Wage Claim

26. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

27. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for

commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

28.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

29.     Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2015, 2014, and 2013 was not less than $500,000.00.

30.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

31.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

32.     By the above-alleged conduct, Defendant has violated the FLSA by failing to pay the plaintiff overtime compensation as required by the FLSA.

33.     Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

34.     However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

35.     Defendant has acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

36.     Defendant has not acted in good faith with respect to the conduct alleged herein.

37      As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FLSA Minimum Wage Claim

38.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

39.     Defendant routinely and regularly failed to pay plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

40.     As a result of Defendant's unlawful practices, plaintiff suffered a loss of wages.

41.     As a result of Defendant's violations of the FSLA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## NYLL Overtime Wage Claim

42.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43.     At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.

44.     Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA.  12 NYCRR §142-2.2.

45.     By the above-alleged conduct, Defendant failed to pay plaintiff overtime compensation as required by the New York Labor Articles.

46.     By the above-alleged conduct, Defendant failed to pay plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for defendants.

47.     Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

48.     Defendant has acted willfully and has either known that its conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles.  Defendant has not acted in good faith with respect to the conduct alleged herein.

49.     As a result of Defendant's violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

### COUNT IV
### NYLL Minimum Wage Claim

50.     At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of New York Labor Law §§2 and 651.

51.     Defendant willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

52.     As a result of Defendant's unlawful practices, Plaintiff has suffered a loss of wages.

53.     As a result of Defendant's violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**COUNT V**
**NYLL Spread of Hours**

54.     That Plaintiff worked shifts of more than ten hours during his employment.

55.     That Defendant never paid spread of hours pay to Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

56.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to these Plaintiff's rights.

57.     As a result of defendant's violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg &

Associates, P.C., demand judgment against Defendant, in favor of Plaintiff, for a sum that

will properly, adequately, and completely compensate Plaintiff for the nature, extent, and

duration of the damages, costs of this action, and as follows:

    A.    Declare and find that the Defendant committed one or more of the

        following acts:

        1.    Violated provisions of the FLSA by failing to pay
                minimum wages and overtime wages to Plaintiff;

        2.    Willfully violated the minimum wage and overtime
                provisions of the FLSA;

        3.    Violated the provisions of the NYLL by failing to
                pay minimum wages, overtime wages, and spread
                of hours pay to Plaintiff;

        4.    Willfully violated the minimum wage and overtime
                provisions of the NYLL.

    B.    Award compensatory damages, including all overtime

        compensation owed, in an amount according to proof;

    C.    Award interest on all NYLL overtime compensation and other

        compensation due accruing from the date such amounts were due;

    D.    Award all costs, attorney's fees incurred in prosecuting this action

        as well as liquidated damages under the FLSA and NYLL; and

    E.    Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
      May 17, 2016

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **La Bagel Delight** y  / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **La Bagel Delight** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date: 03/07/2016

_____
Firma (Signature)


_____
Angel Cullque


_____
34-28 92 St.


_____
Elmhurst, Queens, NY,